IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02517-PAB

ALLY FINANCIAL INC., a Delaware Corporation,

    Plaintiff,

v.

ALLYPAYMENTS LLC, a California Domestic Limited Liability Company,

    Defendant.

# ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 16] entered on December 14, 2020.

## I. BACKGROUND

### A. Factual Background

Plaintiff provides digital and online financial services, including banking, auto, finance, home loans, investing and wealth management resources, and corporate financial services. Docket No. 1 at 2, ¶ 9. Plaintiff owns a number of federally registered ALLY trademarks, including U.S. Reg. Nos. 3,667,814; 3,797,555; 3,812,175; and 5,142,937. *Id.*, ¶ 10. Plaintiff also owns a variety of federally registered ALLY-formative trademarks, including ALLY DIRECT, Reg. No. 5,915,115; ALLY CORPORATE FINANCE, Reg. No. 4,687,462; ALLY CURRENSEE, Reg. No. 5,868,919; ALLY SKILL, Reg. No. 5,734,599; ALLY INVEST, Reg. No. 5,287,432; and YOUR MONEY NEEDS AN ALLY, Reg. No. 4,799,315. *Id.*, ¶ 10. Ally has made actual

1

use in commerce of the marks ALLY and several ALLY-formative marks for financial, banking, lending, and related services.  *Id.* at 3, ¶ 11.  These marks are collectively referred to as the "Ally marks."  Plaintiff has also used a "stylized A mark" since 2009 in connection with its financial and other related services.  *Id.*, ¶ 14.  Plaintiff has a trademark registration for the stylized A mark and several pending trademark applications.  *Id.*

Defendant registered the domain name allypays.com on October 2, 2016 but did not make use in commerce of ALLY, ALLY PAYS, or ALLY PAYMENTS until early 2020.  *Id.*, ¶ 16.  Defendant offers nationwide payment processing services through its website and sales representatives.  *Id.* at 4, ¶¶ 18, 20.  Defendant uses a "stylized A mark" that is similar to plaintiff's stylized A.  *Id.*, ¶ 21.

On May 11, 2020, plaintiff sent defendant a letter demanding that defendant cease its infringing uses.  *Id.*, ¶ 22.  Plaintiff had some communication with defendant's CEO, but defendant has failed to respond to the demand letter and subsequent communications.  *Id.* at 4-5, ¶¶ 23-25.  Plaintiff brings four claims for relief: (1) trademark infringement in violation of 15 U.S.C. § 1114 due to defendant's unauthorized use of ALLYPAYMENTS and the domain name allypays.com; (2) false designation of origin in violation of 15 U.S.C. § 1125(a) due to defendant's use of ALLYPAYMENTS, the domain name allypays.com, and the stylized A mark; (3) violation of the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d) due to defendant's bad faith intent to profit from the Ally marks; and (4) violation of the Colorado Consumer Protection Act due to defendant's deceptive trade practices in using the Ally marks.  *Id.* at 5-9, ¶¶ 27-51.

### B.  Procedural Background

Plaintiff filed a complaint alleging trademark infringement and unfair competition on August 21, 2020, Docket No. 1, and served defendant on August 26, 2020.[1]  Docket No. 6 at 2.  Defendant did not answer, otherwise respond, or enter an appearance.  Plaintiff filed a motion for entry of default, Docket No. 7, and the Clerk entered default on September 30, 2020.  Docket No. 8.  Plaintiff filed a motion for default judgment, Docket No. 9, and Magistrate Judge Hegarty held a hearing on the motion on November 18, 2020.  Docket No. 12.

At the hearing, plaintiff indicated that a principal of defendant had gotten in touch with plaintiff and essentially committed to the relief sought by plaintiff.  Docket No. 16 at 1.  Judge Hegarty declined to enter a ruling at the hearing and gave plaintiff until November 20, 2020 to inform the Court of whether the defendant had signed a consent decree.  Docket No. 12.  On November 20, 2020, plaintiff filed a motion for entry of consent judgment and permanent injunction, stating that the parties had agreed to the entry of a consent judgment and permanent injunction attached to the filing.  Docket No. 13.  Also on November 20, 2020, the parties filed a form consenting to disposition of the case by the magistrate judge.  Docket No. 14.  The consent judgment and consent to

---

[1] Plaintiff served defendant's registered agent for service of process, Legalzoom.com, Inc. ("Legalzoom"), by email because the Legalzoom website stated that, due to COVID-19 restrictions, Legalzoom was accepting service via email instead of in person.  Docket No. 7-1 at 1, ¶ 3.  Plaintiff emailed the summons and complaint to the email address provided by a Legalzoom representative, and the Legalzoom representative confirmed receipt of the documents via email.  *Id.*; Docket No. 6 at 2; *see also Stockfood Am., Inc. v. Am. Dive Bars, LLC*, 2020 WL 7343242, at *1 n.1 (C.D. Cal. Oct. 19, 2020) (finding service proper on defendant whose registered agent was Legalzoom where Legalzoom instructed plaintiff to serve summons and complaint via email due to COVID-19 pandemic).

the magistrate judge forms indicate that Joseph Mendonca represented defendant, but neither form indicates whether Mr. Mendonca is an attorney, and he has not entered an appearance on behalf of defendant.  Docket Nos. 13-1, 14.  Defendant is a limited liability company ("LLC").  A "corporation may appear in the federal courts only through licensed counsel" and "the rationale for that rule applies equally to all artificial entities."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

On December 14, 2020, Judge Hegarty entered a recommendation directing the Clerk of Court to draw the case to an Article III judicial officer, recommending that the motion for default judgment be denied as moot, and recommending that the motion for consent judgment be granted.  Docket No. 16 at 2.  The recommendation states that objections to the recommendation must be filed within fourteen days after its service on the parties.  *Id.*; *see* 28 U.S.C. § 636(b)(1)(C).  The recommendation was served on December 14, 2020.  No party has objected to the recommendation.

However, the Court declines to enter a consent decree when defendant has not entered an appearance.  Accordingly, the Court will deny plaintiff's motion for entry of consent judgment and permanent injunction, Docket No. 13, and will take up plaintiff's motion for default judgment.

## II.  LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v.*

Case 1:20-cv-02517-PAB   Document 17   Filed 09/27/21   USDC Colorado   Page 5 of 11

*Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (4th ed., 2020 rev.). "Even

after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*.  A court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.* 291 F.3d 1227, 1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III.  ANALYSIS

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has jurisdiction over this case.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case.").

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Niemi v. Lasshofer*, 770 F.3d

1331, 1348 (10th Cir. 2014); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2005); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2008).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  Plaintiff argues that the Court has personal jurisdiction over defendant because defendant transacts business in Colorado, employs individuals in Colorado, and lists Denver, Colorado as one of its business locations on its LinkedIn page.  Docket No. 9 at 10.

### A.  General Personal Jurisdiction

Defendant is a California LLC with its principal place of business in California. Docket No. 1 at 1, ¶ 2.  "A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  For corporations, "the place of incorporation and principal place

7

of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear*, 564 U.S. at 924). "Courts have held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). A court may not exercise general jurisdiction over a foreign corporation simply because it has continuous and systematic business contacts with the forum; the affiliations with the state must be so continuous and systematic as to render the corporation essentially at home in the forum state. *Daimler*, 571 U.S. at 139.

To determine whether a foreign defendant is "at home" in the forum state, "the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler*, 571 U.S. at 139 n.20). The complaint alleges that defendant has and is currently transacting business in Colorado, lists Denver, Colorado as one of its business locations, and employs individuals in Colorado. Docket No. 1 at 2, ¶¶ 4-5. This is insufficient to establish general personal jurisdiction. *See BNSF*, 137 S. Ct. at 1559 ("[I]n-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state.]"). Plaintiff provides no information on which other states defendant operates in or why its connections to Colorado are greater than to other states; instead, plaintiff merely alleges that the Court has personal jurisdiction because defendant has transacted business and is currently transacting business in Colorado. Docket No. 1 at 2, ¶ 4. Plaintiff implicitly acknowledges that defendant has multiple locations when the

complaint states that defendant "lists Denver, Colorado as *one of* its business locations on its LinkedIn page." *Id.*, ¶ 5 (emphasis added).  Defendant is a California LLC with its principal place of business in California, and there is no indication that it has ties with Colorado so extensive as to render it "at home."  Transacting business and having employees in Colorado is insufficient.  *See Daimler*, 571 U.S. at 139; *BNSF*, 137 S. Ct. at 1559 (finding no general personal jurisdiction over defendant with over 2,000 miles of railroad track and 2,000 employees in forum state).  Accordingly, the Court finds that it does not have general jurisdiction over defendant and turns to whether defendant is subject to specific jurisdiction in Colorado.

### B.  Specific Personal Jurisdiction

"Specific jurisdiction . . . is premised on something of a *quid pro quo:* in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078.  Courts typically make three inquiries to determine if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).  "[W]here, as here, the [motion for default judgment] is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-

0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

Plaintiff has failed to plead any connection between Colorado and the allegedly infringing activity.  Defendant is a California LLC with its principal place of business in California.  Docket No. 1 at 1, ¶ 2.  Plaintiff is a Delaware corporation with its principal place of business in Michigan.  *Id.*, ¶ 1.  The complaint states that defendant is subject to personal jurisdiction in Colorado because it transacts business in Colorado.  *Id.* at 2, ¶ 4.  However, plaintiff fails to plead that defendant directed its activities at residents of Colorado or that plaintiff's injury arose from activities directed at Colorado.  *See Newsome*, 722 F.3d at 1264.  "A plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts."  *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).  Plaintiff has pled no facts showing that the injury from the alleged infringing activity has any relation to defendant's contacts with Colorado.  *See XMission L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020) ("Specific jurisdiction . . . allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State.").

In its motion for default judgment, plaintiff argues that the Court has personal jurisdiction over defendant because defendant transacts business in Colorado, employs individuals in Colorado, and lists a Colorado business location.  Docket No. 9 at 10.  As noted above, this is insufficient to show general personal jurisdiction.  Additionally, this does not show any connection between the actions of defendant and the alleged

injuries giving rise to this lawsuit.  *See XMission*, 955 F.3d at 840 ("The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum.").  Accordingly, the Court will deny the motion for default judgment without prejudice for failure to plead facts showing personal jurisdiction.  The Court will grant plaintiff leave to amend its complaint within 30 days of the entry of this order and thereafter to file a renewed motion for default judgment.

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Michael E. Hegarty [Docket No. 16] is **REJECTED**.  It is further

**ORDERED** that the Motion for Entry of Consent Judgment and Permanent Injunction [Docket No. 13] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction [Docket No. 9] is **DENIED without prejudice**.  It is further

**ORDERED** that plaintiff may file an amended complaint within 30 days of the entry of this order and thereafter file a renewed motion for default judgment.

DATED September 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge